UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DTND SIERRA INVESTMENTS LLC, § § *Plaintiff*, § § v. § Civil Action No. SA-12-CV-1178-XR § CITIMORTGAGE, INC. and DEANNA § RAY, AS TRUSTEE, § § *Defendants*. § § | |

DTND SIERRA INVESTMENTS LLC,
    *Plaintiff*,

v.    Civil Action No. SA-12-CV-1178-XR

CITIMORTGAGE, INC. and DEANNA RAY, AS TRUSTEE,
    *Defendants*.

**ORDER**

On this date, the Court considered CitiMortgage, Inc.'s Motion to Dismiss (docket no. 3), filed December 14, 2012. No response has been filed. The Court will grant the motion.

**Background**

On December 3, 2012, Plaintiff DTND filed its "Original Petition, Application for Temporary Restraining Order and Temporary Injunction" in state court. The petition alleges the following:

Elijah Foshee and Frieda Foshee executed a Deed of Trust on property located at 7806 Brazoria Park, San Antonio, Texas. The Foshees defaulted on their obligations under the Deed of Trust, as well as on payment of Bridgewood Association Homeowners Association's assessments for the property. On August 9, 2011, the Homeowners Association foreclosed on the property, and Plaintiff DTND purchased the property on October 31, 2012. CitiMortgage failed to redeem the property during the statutory redemption period. Plaintiff "contends that the title asserted by CitiMortgage, Inc. is defective and inferior to the claims of DTND Sierra Investments LLC." Plaintiff alleges that CitiMortgage "now seeks to wrongfully foreclose on a home although it did not properly

1

notice the foreclosure pursuant to the deed of trust" and "the foreclosure sought by CitiMortgage is illegal and unenforceable." Plaintiff asserts causes of action for deceptive trade practices and the tie-in statute, the Debt Collection Act. Plaintiff seeks actual damages, statutory damages, exemplary damages, and injunctive relief.

Defendant CitiMortgage removed the case on December 14, 2012, asserting diversity jurisdiction.

## Jurisdiction

Although no motion to remand has been filed, the Court has a duty to examine its jurisdiction. In its removal notice, CitiMortgage states that Plaintiffs are citizens of Texas and CitiMortgage is a citizen of New York or Missouri. CitiMortgage argues that Deanna Ray, the trustee, is improperly joined because Plaintiff is unable to establish a cause of action against her under state law.

Other than listing Ray as a party, Plaintiff alleges no specific conduct on her part, and seeks no relief against her. Rather, it appears that she is joined solely in her capacity as trustee under the Deed of Trust, and Plaintiff seeks to enjoin CitiMortgage and its agents from foreclosing on the property. The petition therefore states no claim against Ray, and this Court has previously concluded that a substitute trustee named solely in order to enjoin foreclosure is a nominal party whose presence does not affect diversity jurisdiction. *Zavala v. M&T Trust Co.*, Civ. A. No. SA:11-CV-956 (docket no. 12), 2011 WL 6739614 (W.D. Tex. Dec. 22, 2011). Accordingly, the Court finds that Ray's presence may be disregarded for purposes of diversity jurisdiction.

Public tax assessment records submitted by Defendant indicate that the property value exceeds $75,000, and thus the amount in controversy is sufficient. Accordingly, this Court finds that it has diversity jurisdiction over this case.

## Analysis

This Court has previously considered virtually identical pleadings and claims by Plaintiff DTND regarding the mortgagee's failure to redeem after a homeowners' association foreclosure. In its lawsuits, Plaintiff argues that banks who do not redeem lose their rights to the property, and have no remaining interest in the property to foreclose. This Court has rejected that argument, as have other courts considering this argument. *See, e.g.*, SA:12-CV-17-XR, *DTND v. Bank of America* (docket no. 7). The Court has also rejected DTND's claims based on a lack of notice because DTND does not have a right to personal notice. *Id.* Because DTND's DTPA and Debt Collection Act claims rest upon the faulty assertion that CitiMortgage lost its interest in the property by failing to redeem or failed to provide DTND notice, the DTPA and Debt Collection Act claims must fail. In addition, the pleading is otherwise conclusory and fails to state a claim.

## Conclusion

For the reasons stated herein, Defendant CitiMortgage's Motion to Dismiss (docket no. 3) is GRANTED. This case is DISMISSED, and the Clerk shall enter judgment according to Rule 58 and close this case.

It is so ORDERED.

SIGNED this 8th day of January, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE